ORIGINAL

1   LYNN HUBBARD, III, SBN 69773
2   SCOTTLYNN J HUBBARD, IV, SBN 212970
    **DISABLED ADVOCACY GROUP, APLC**
3   12 Williamsburg Lane
    Chico, CA 95926
4   Telephone: (530) 895-3252
    Facsimile: (530) 894-8244
5
6   Attorneys for Plaintiff
7
8
9                  UNITED STATES DISTRICT COURT
10                 SOUTHERN DISTRICT OF CALIFORNIA
11
12
13  Matt Strong,                          No. '08 CV 0145 BEN POR
14         Plaintiff,
15         vs.                            **Plaintiff's Complaint**
16  Westfield America, Inc.; Parkway
17  Plaza, LP; Elvi Restaurants
    Incorporated dba Arby's Restaurant
18  #5939; ELG, LTD dba McDonald's;
19  Pacific Food Business Corp. dba
20  Subway #42364; Regal Cinemas,
    Inc. dba Regal Parkway Plaza 18;
21  FFPE, LLC dba Pat & Oscar's;
22  American Healthy Sandwich Corp.
    dba Quiznos Subs Parkway Plaza
23  #1280,
24         Defendants.
25
26
27
28

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

                            Page 1

FILED

08 JAN 24 PM 2: 28

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

I. SUMMARY

1.    This is a civil rights action by plaintiff Matt Strong ("Strong") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as:

Westfield Parkway
415 Parkway Plaza
El Cajon, CA  92020
(hereafter "the Westfield Parkway Common Area Facility")

Arby's Restaurant #5939
709 Parkway Plaza
El Cajon, CA  92020
(hereafter "the Arby's Facility")

McDonald's
737 Parkway Plaza
El Cajon, CA  92020
(hereafter "the McDonald's Facility")

Subway #42364
415 Parkway Plaza, Suite FF2
El Cajon, CA  92020
(hereafter "the Subway Facility")

Regal Parkway Plaza 18
405 Parkway Plaza
El Cajon, CA  92020
(hereafter "the Regal Cinema Facility")

Pat & Oscar's
375 Parkway Plaza
El Cajon, CA  92020
(hereafter "the Pat & Oscar's Facility")

Quiznos Subs Parkway Plaza #1280
415 Parkway Plaza, Suite M2
El Cajon, CA  92020
(hereafter "the Quiznos Facility")

2.    Pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes, Strong seeks damages, injunctive and declaratory relief, and attorney fees and costs, against:

- Westfield America, Inc. and Parkway Plaza, LP (hereinafter the "Westfield Defendants")
- Elvi Restaurants Incorporated dba Arby's Restaurant #5939 and Parkway Plaza, LP (hereinafter the "Arby's Defendants")
- ELG, LTD dba McDonald's and Parkway Plaza, LP (hereinafter the "McDonald's Defendants")
- Pacific Food Business Corp. dba Subway #42364 and Parkway Plaza, LP (hereinafter the "Subway Defendants")
- Regal Cinemas, Inc. dba Regal Parkway Plaza 18 and Parkway Plaza, LP (hereinafter the "Regal Cinema Defendants")
- FFPE, LLC dba Pat & Oscar's and Parkway Plaza, LP (hereinafter the "Pat & Oscar's Defendants")
- American Healthy Sandwich Corp. dba Quiznos Subs Parkway Plaza #1280 and Parkway Plaza, LP (hereinafter the "Quiznos Defendants")

## II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.    Strong's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

### III. VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

### IV. PARTIES

7.    The Westfield Defendants own, operate, or lease the Westfield Parkway Common Area Facility, and consist of a person (or persons), firm, or corporation.

8.    The Arby's Defendants own, operate, or lease the Arby's Facility, and consist of a person (or persons), firm, or corporation.

9.    The McDonald's Defendants own, operate, or lease the McDonald's Facility, and consist of a person (or persons), firm, or corporation.

10.    The Subway Defendants own, operate, or lease the Subway Facility, and consist of a person (or persons), firm, or corporation.

11.    The Regal Cinema Defendants own, operate, or lease the Regal Cinema Facility, and consist of a person (or persons), firm, or corporation.

12.    The Pat & Oscar's Defendants owns, operates, or leases the Pat & Oscar's Facility, and consists of a person (or persons), firm, or corporation.

13.    The Quiznos Defendants owns, operates, or leases the Quiznos Facility, and consists of a person (or persons), firm, or corporation.

14.    Strong is a C-5 quadriplegic and is unable to walk or stand. He requires the use of a wheelchair when traveling about in public. Consequently, Strong is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

## V. FACTS

15.    The Westfield Parkway Common Area Facility is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

16.    The Arby's Facility is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

17.    The McDonald's Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

18.    The Subway Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

19.    The Regal Cinema Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

20.    The Pat & Oscar's Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

21.    The Quiznos Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

22.    Strong visited these facilities and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at all of the facilities.

23.    To the extent known by Strong, the barriers at the Westfield Parkway Common Area Facility included, but are not limited to, the following:

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

Restroom off of Food Court:

- The restroom door lacks an International Symbol of Accessibility ("ISA");
- There is insufficient strike side clearance on the push side of the restroom door;
- There is insufficient strike side clearance on the pull side of the restroom door;
- The lock on the accessible stall door requires twisting and grasping;
- The accessible stall door is not self-closing;
- The coat hook is mounted too high in the accessible stall;
- The disposable seat cover dispenser is mounted behind the water closet and more than 40 inches from the floor;
- The water closet is an obstruction to the use of the disposable seat cover dispenser;
- The toilet tissue dispenser is mounted more than 19 inches from the floor;
- The toilet tissue dispenser protrudes into the clear space needed to access the water closet;
- The side grab bar is not mounted 12 inches from the back wall;
- The flush valve of the water closet is not on the wide side;
- The pipes underneath the lavatory are not properly or completely wrapped;
- There is insufficient knee and toe clearance due to the protruding pipes underneath the lavatory; and,
- The operable part of the vending machine is mounted more than 40 inches from the floor.

Restroom off of Administration Offices:

- The ISA mounted at the restroom door is not at the correct height;
- The toilet tissue dispenser protrudes into the clear space needed to access the water closet;
- There is no latch on the inside of the accessible stall;

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

1    • The latch on the outside of the accessible stall door is not accessible;

2    • The lavatory requires too much force to operate;

3    • The pipes underneath the lavatory are not completely and properly

4        wrapped; and,

5    • Due to the protruding pipes and stationary "half wall," there is insufficient

6        knee and toe clearance underneath the lavatory.

7    These barriers prevented Strong from enjoying full and equal access at the

8    Westfield Parkway Common Area Facility.

9        24.    Strong was also deterred from visiting the Westfield Parkway

10   Common Area Facility because he knew that the Westfield Parkway Common

11   Area Facility's goods, services, facilities, privileges, advantages, and

12   accommodations were unavailable to physically disabled patrons (such as

13   himself). He continues to be deterred from visiting the Westfield Parkway

14   Common Area Facility because of the future threats of injury created by these

15   barriers.

16       25.    To the extent known by Strong, the barriers at the Arby's Facility

17   included, but are not limited to, the following:

18   • There is no portion of the counter lowered to accommodate patrons in

19       wheelchairs.

20   These barriers prevented Strong from enjoying full and equal access at the

21   Arby's Facility.

22       26.    Strong was also deterred from visiting the Arby's Facility because

23   he knew that the Arby's Facility's goods, services, facilities, privileges,

24   advantages, and accommodations were unavailable to physically disabled

25   patrons (such as himself). He continues to be deterred from visiting the Arby's

26   Facility because of the future threats of injury created by these barriers.

27       27.    To the extent known by Strong, the barriers at the McDonald's

28   Facility included, but are not limited to, the following:

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

- The point-of-sale machine is mounted too high;
- There is no ISA indicated designating seating as accessible; and,
- There is no accessible seating.

These barriers prevented Strong from enjoying full and equal access in the McDonald's Facility.

28.    Strong was also deterred from visiting the McDonald's Facility because he knew that the McDonald's Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the McDonald's Facility because of the future threats of injury created by these barriers.

29.    To the extent known by Strong, the barriers at the Subway Facility included, but are not limited to, the following:

- There is no portion of the counter lowered to accommodated patrons in wheelchairs.

These barriers prevented Strong from enjoying full and equal access.

30.    Strong was also deterred from visiting the Subway Facility because he knew that the Subway Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Subway Facility because of the future threats of injury created by these barriers.

31.    To the extent known by Strong, the barriers at the Regal Cinema Facility included, but are not limited to, the following:

- None of the service counters have a portion lowered to accommodate patrons in wheelchairs;
- The disabled seating is not disbursed throughout the theatre – all of the disabled seating is located in the front row;
- There is no ISA on the men's restroom door;

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

- There is insufficient clear floor space in the accessible stall;
- The toilet tissue dispenser protrudes into the clear space needed to access the water closet;
- The paper towel dispenser is mounted more than 40 inches from the floor; and,
- The pipes underneath the lavatory are not properly wrapped.

These barriers prevented Strong from enjoying full and equal access of the Regal Cinema Facility.

32.    Strong was also deterred from visiting the Regal Cinema Facility because he knew that the Regal Cinema Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Regal Cinema Facility because of the future threats of injury created by these barriers.

33.    To the extent known by Strong, the barriers at the Pat & Oscar's Facility included, but are not limited to, the following:

- The ISA mounted on the tables are not the correct size;
- The seating provided causes a patron to be in traffic when seated;
- The signage at the men's restroom is not correct;
- The handles on the men's restroom door are not accessible;
- The coat hanger in the accessible stall is mounted too high;
- The handle of the accessible stall is not mounted below the lock;
- The disposable seat cover dispenser is mounted behind the toilet and at more than 40 inches from the floor;
- The water closet is an obstruction to the use of the disposable seat cover dispenser;
- The toilet tissue dispenser protrudes into the clear space needed to access the water closet;

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

- The pipes underneath the lavatory are not completely or properly wrapped; and,

- Due to the protruding pipes and the trash receptacle, there is insufficient knee and toe clearance underneath the lavatory.

These barriers prevented Strong from enjoying full and equal access of the Pat & Oscar's Facility.

34.    Strong was also deterred from visiting the Pat & Oscar's Facility because he knew that the Pat & Oscar's Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Pat & Oscar's Facility because of the future threats of injury created by these barriers.

35.    To the extent known by Strong, the barriers at the Quiznos Facility included, but are not limited to, the following:

- There is no seating designated as being accessible;

- There is no disabled seating; and,

- There is no portion of the counter lowered to accommodate patrons in wheelchairs.

These barriers prevented Strong from enjoying full and equal access at the Quiznos Facility.

36.    Strong was also deterred from visiting the Quiznos Facility because he knew that the Quiznos Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Quiznos Facility because of the future threats of injury created by these barriers.

37.    Strong also encountered barriers at the facilities, which violate state and federal law, but were unrelated to his disability. Nothing within this

1  Complaint, however, should be construed as an allegation that Strong is seeking
2  to remove barriers unrelated to his disability.

3      38.   The Westfield Defendants knew that these elements and areas of the
4  Westfield Parkway Common Area Facility were inaccessible, violate state and
5  federal law, and interfere with (or deny) access to the physically disabled.
6  Moreover, the Westfield Defendants have the financial resources to remove these
7  barriers from the Westfield Parkway Common Area Facility (without much
8  difficulty or expense), and make the Westfield Parkway Common Area Facility
9  accessible to the physically disabled.  To date, however, the Westfield
10 Defendants refuse to either remove those barriers or seek an unreasonable
11 hardship exemption to excuse non-compliance.

12     39.   At all relevant times, the Westfield Defendants have possessed and
13 enjoyed sufficient control and authority to modify the Westfield Parkway
14 Common Area Facility to remove impediments to wheelchair access and to
15 comply with the Americans with Disabilities Act Accessibility Guidelines and
16 Title 24 regulations.  The Westfield Defendants have not removed such
17 impediments and have not modified the Westfield Parkway Common Area
18 Facility to conform to accessibility standards.  The Westfield Defendants have
19 intentionally maintained the Westfield Parkway Common Area Facility in its
20 current condition and have intentionally refrained from altering Westfield
21 Parkway Common Area Facility so that it complies with the accessibility
22 standards.

23     40.   Strong further alleges that the (continued) presence of barriers at the
24 Westfield Parkway Common Area Facility is so obvious as to establish the
25 Westfield Defendants' discriminatory intent.[1]  On information and belief, Strong
26 avers that evidence of this discriminatory intent includes the Westfield

27

28

---

[1]   E.g., *Gunther v.Lin*, 144 Cal.App.4th 223, fn. 6
*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

1  Defendants' refusal to adhere to relevant building standards; disregard for the
2  building plans and permits issued for the Westfield Parkway Common Area
3  Facility; conscientious decision to the architectural layout (as it currently exists)
4  at the Westfield Parkway Common Area Facility; decision not to remove barriers
5  from the Westfield Parkway Common Area Facility; and allowance that the
6  Westfield Parkway Common Area Facility continues to exist in its non-
7  compliant state.    Strong further alleges, on information and belief, that the
8  Westfield Defendants are not in the midst of a remodel, and that the barriers
9  present at the Westfield Parkway Common Area Facility are not isolated (or
10 temporary) interruptions in access due to maintenance or repairs.[2]

11      41.    The Arby's Defendants knew that these elements and areas of the
12 Arby's Facility were inaccessible, violate state and federal law, and interfere
13 with (or deny) access to the physically disabled.    Moreover, the Arby's
14 Defendants have the financial resources to remove these barriers from the Arby's
15 Facility (without much difficulty or expense), and make the Arby's Facility
16 accessible to the physically disabled.    To date, however, the Arby's Defendants
17 refuse to either remove those barriers or seek an unreasonable hardship
18 exemption to excuse non-compliance.

19      42.    At all relevant times, the Arby's Defendants have possessed and
20 enjoyed sufficient control and authority to modify the Arby's Facility to remove
21 impediments to wheelchair access and to comply with the Americans with
22 Disabilities Act Accessibility Guidelines and Title 24 regulations.    The Arby's
23 Defendants have not removed such impediments and have not modified the
24 Arby's Facility to conform to accessibility standards.    The Arby's Defendants
25 have intentionally maintained the Arby's Facility in its current condition and
26
27
28

---

[2]    Id.; 28 C.F.R. § 36.211(b)
*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

Page 12

1  have intentionally refrained from altering the Arby's Facility so that it complies
2  with the accessibility standards.

3      43.    Strong further alleges that the (continued) presence of barriers at the
4  Arby's Facility is so obvious as to establish the Arby's Defendants'
5  discriminatory intent.[3]  On information and belief, Strong avers that evidence of
6  this discriminatory intent includes the Arby's Defendants' refusal to adhere to
7  relevant building standards; disregard for the building plans and permits issued
8  for the Arby's Facility; conscientious decision to the architectural layout (as it
9  currently exists) at the Arby's Facility; decision not to remove barriers from the
10 Arby's Facility; and allowance that the Arby's Facility continues to exist in its
11 non-compliant state.  Strong further alleges, on information and belief, that the
12 Arby's Defendants are not in the midst of a remodel, and that the barriers present
13 at the Arby's Facility are not isolated (or temporary) interruptions in access due
14 to maintenance or repairs.[4]

15     44.    The McDonald's Defendants knew that these elements and areas of
16 the McDonald's Facility were inaccessible, violate state and federal law, and
17 interfere with (or deny) access to the physically disabled.  Moreover, the
18 McDonald's Defendants have the financial resources to remove these barriers
19 from the McDonald's Facility (without much difficulty or expense), and make
20 the McDonald's Facility accessible to the physically disabled.  To date, however,
21 the McDonald's Defendants refuse to either remove those barriers or seek an
22 unreasonable hardship exemption to excuse non-compliance.

23     45.    At all relevant times, the McDonald's Defendants have possessed
24 and enjoyed sufficient control and authority to modify the McDonald's Facility
25 to remove impediments to wheelchair access and to comply with the Americans
26 with Disabilities Act Accessibility Guidelines and Title 24 regulations.  The

27

28  [3]  E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
    [4]  Id.; 28 C.F.R. § 36.211(b)
    *Strong v. Westfield America, Inc., et al.*
    Plaintiff's Complaint

1    McDonald's Defendants have not removed such impediments and have not
2    modified the McDonald's Facility to conform to accessibility standards. The
3    McDonald's Defendants have intentionally maintained the McDonald's Facility
4    in its current condition and have intentionally refrained from altering the
5    McDonald's Facility so that it complies with the accessibility standards.

6       46.    Strong further alleges that the (continued) presence of barriers at the
7    McDonald's Facility is so obvious as to establish the McDonald's Defendants'
8    discriminatory intent.[5]  On information and belief, Strong avers that evidence of
9    this discriminatory intent includes the McDonald's Defendants' refusal to adhere
10    to relevant building standards; disregard for the building plans and permits
11    issued for the McDonald's Facility; conscientious decision to the architectural
12    layout (as it currently exists) at the McDonald's Facility; decision not to remove
13    barriers from the McDonald's Facility; and allowance that the McDonald's
14    Facility continues to exist in its non-compliant state. Strong further alleges, on
15    information and belief, that the McDonald's Defendants are not in the midst of a
16    remodel, and that the barriers present at the McDonald's Facility are not isolated
17    (or temporary) interruptions in access due to maintenance or repairs.[6]

18       47.    The Subway Defendants knew that these elements and areas of the
19    Subway Facility were inaccessible, violate state and federal law, and interfere
20    with (or deny) access to the physically disabled. Moreover, the Subway
21    Defendants have the financial resources to remove these barriers from the
22    Subway Facility (without much difficulty or expense), and make the facility
23    accessible to the physically disabled. To date, however, the Subway Defendants
24    refuse to either remove those barriers or seek an unreasonable hardship
25    exemption to excuse non-compliance.

26

27

28

[5]   E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[6]   Id.; 28 C.F.R. § 36.211(b)
*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

48.    At all relevant times, the Subway Defendants have possessed and enjoyed sufficient control and authority to modify the Subway Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. The Subway Defendants have not removed such impediments and have not modified the Subway Facility to conform to accessibility standards. The Subway Defendants have intentionally maintained the Subway Facility in its current condition and have intentionally refrained from altering the Subway Facility so that it complies with the accessibility standards.

49.    Strong further alleges that the (continued) presence of barriers at the Subway Facility is so obvious as to establish the Subway Defendants' discriminatory intent.[7] On information and belief, Strong avers that evidence of this discriminatory intent includes the Subway Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Subway Facility; conscientious decision to the architectural layout (as it currently exists) at the Subway Facility; decision not to remove barriers from the Subway Facility; and allowance that the Subway Facility continues to exist in its non-compliant state. Strong further alleges, on information and belief, that the Subway Defendants are not in the midst of a remodel, and that the barriers present at the Subway Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.[8]

50.    The Regal Cinema Defendants knew that these elements and areas of the Regal Cinema Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, the Regal Cinema Defendants have the financial resources to remove these barriers from the Regal Cinema Facility (without much difficulty or expense), and make the

[7] E.g., *Gunther v.Lin*, 144 Cal.App.4th 223, fn. 6
[8] Id.; 28 C.F.R. § 36.211(b)
*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

Page 15

1   Regal Cinema Facility accessible to the physically disabled.  To date, however,
2   the Regal Cinema Defendants refuse to either remove those barriers or seek an
3   unreasonable hardship exemption to excuse non-compliance.

4        51.    At all relevant times, the Regal Cinema Defendants have possessed
5   and enjoyed sufficient control and authority to modify the Regal Cinema Facility
6   to remove impediments to wheelchair access and to comply with the Americans
7   with Disabilities Act Accessibility Guidelines and Title 24 regulations.   The
8   Regal Cinema Defendants have not removed such impediments and have not
9   modified the Regal Cinema Facility to conform to accessibility standards.   The
10  Regal Cinema Defendants have intentionally maintained the Regal Cinema
11  Facility in its current condition and have intentionally refrained from altering the
12  Regal Cinema Facility so that it complies with the accessibility standards.

13       52.    Strong further alleges that the (continued) presence of barriers at the
14  facility is so obvious as to establish the Regal Cinema Defendants'
15  discriminatory intent.[9]  On information and belief, Strong avers that evidence of
16  this discriminatory intent includes the Regal Cinema Defendants' refusal to
17  adhere to relevant building standards; disregard for the building plans and
18  permits issued for the Regal Cinema Facility; conscientious decision to the
19  architectural layout (as it currently exists) at the Regal Cinema Facility; decision
20  not to remove barriers from the Regal Cinema Facility; and allowance that the
21  Regal Cinema Facility continues to exist in its non-compliant state.   Strong
22  further alleges, on information and belief, that the Regal Cinema Defendants are
23  not in the midst of a remodel, and that the barriers present at the Regal Cinema
24  Facility are not isolated (or temporary) interruptions in access due to
25  maintenance or repairs.[10]

26

27

28  [9]   E.g., *Gunther v.Lin*, 144 Cal.App.4th 223, fn. 6
    [10]  Id.; 28 C.F.R. § 36.211(b)
    *Strong v. Westfield America, Inc., et al.*
    Plaintiff's Complaint

53.    The Pat & Oscar's Defendants knew that these elements and areas of the Pat & Oscar's Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, the Pat & Oscar's Defendants have the financial resources to remove these barriers from the Pat & Oscar's Facility (without much difficulty or expense), and make the Pat & Oscar's Facility accessible to the physically disabled. To date, however, the Pat & Oscar's Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

54.    At all relevant times, the Pat & Oscar's Defendants have possessed and enjoyed sufficient control and authority to modify the Pat & Oscar's Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. The Pat & Oscar's Defendants have not removed such impediments and have not modified the Pat & Oscar's Facility to conform to accessibility standards. The Pat & Oscar's Defendants have intentionally maintained the Pat & Oscar's Facility in its current condition and have intentionally refrained from altering the Pat & Oscar's Facility so that it complies with the accessibility standards.

55.    Strong further alleges that the (continued) presence of barriers at the facility is so obvious as to establish the Pat & Oscar's Defendants' discriminatory intent.[11] On information and belief, Strong avers that evidence of this discriminatory intent includes the Pat & Oscar's Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Pat & Oscar's Facility; conscientious decision to the architectural layout (as it currently exists) at the Pat & Oscar's Facility; decision not to remove barriers from the Pat & Oscar's Facility; and allowance that the Pat & Oscar's Facility continues to exist in its non-compliant state. Strong

---

[11]    E.g., *Gunther v.Lin*, 144 Cal.App.4th 223, fn. 6
*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

1    further alleges, on information and belief, that the Pat & Oscar's Defendants are
2    not in the midst of a remodel, and that the barriers present at the Pat & Oscar's
3    Facility are not isolated (or temporary) interruptions in access due to
4    maintenance or repairs.[12]

5         56.    The Quiznos Defendants knew that these elements and areas of the
6    Quiznos Facility were inaccessible, violate state and federal law, and interfere
7    with (or deny) access to the physically disabled.  Moreover, the Quiznos
8    Defendants has the financial resources to remove these barriers from the Quiznos
9    Facility (without much difficulty or expense), and make the Quiznos Facility
10    accessible to the physically disabled.  To date, however, the Quiznos Defendants
11    refuses to either remove those barriers or seek an unreasonable hardship
12    exemption to excuse non-compliance.

13         57.    At all relevant times, the Quiznos Defendants has possessed and
14    enjoyed sufficient control and authority to modify the Quiznos Facility to
15    remove impediments to wheelchair access and to comply with the Americans
16    with Disabilities Act Accessibility Guidelines and Title 24 regulations.  The
17    Quiznos Defendants has not removed such impediments and has not modified
18    the Quiznos Facility to conform to accessibility standards.  The Quiznos
19    Defendants has intentionally maintained the Quiznos Facility in its current
20    condition and has intentionally refrained from altering the Quiznos Facility
21    property so that it complies with the accessibility standards.

22         58.    Strong further alleges that the (continued) presence of barriers at the
23    Quiznos Facility is so obvious as to establish the Quiznos Defendants'
24    discriminatory intent.[13]  On information and belief, Strong avers that evidence of
25    this discriminatory intent includes The Quiznos Defendants' refusal to adhere to
26    relevant building standards; disregard for the building plans and permits issued

27

28      [12] Id.; 28 C.F.R. § 36.211(b)
  [13] E.g., *Gunther v.Lin*, 144 Cal.App.4th 223, fn. 6
*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

1   for the Quiznos Facility; conscientious decision to the architectural layout (as it
2   currently exists) at the Quiznos Facility; decision not to remove barriers the
3   Quiznos Facility; and allowance that the Quiznos Facility continues to exist in its
4   non-compliant state.  Strong further alleges, on information and belief, that the
5   Quiznos Defendants is not in the midst of a remodel, and that the barriers present
6   at the Quiznos Facility are not isolated (or temporary) interruptions in access due
7   to maintenance or repairs.[14]

8   VI. FIRST CLAIM

9   **Americans with Disabilities Act of 1990**

10  Denial of "Full and Equal" Enjoyment and Use

11  (The Westfield Parkway Common Area Facility)

12      59.    Strong incorporates the allegations contained in paragraphs 1
13  through 58 for this claim.

14      60.    Title III of the ADA holds as a "general rule" that no individual
15  shall be discriminated against on the basis of disability in the full and equal
16  enjoyment (or use) of goods, services, facilities, privileges, and accommodations
17  offered by any person who owns, operates, or leases a place of public
18  accommodation. 42 U.S.C. § 12182(a).

19      61.    The Westfield Defendants discriminated against Strong by denying
20  "full and equal enjoyment" and use of the goods, services, facilities, privileges or
21  accommodations of the Westfield Parkway Common Area Facility during each
22  visit and each incident of deterrence.

23  Failure to Remove Architectural Barriers in an Existing Facility

24      62.    The ADA specifically prohibits failing to remove architectural
25  barriers, which are structural in nature, in existing facilities where such removal
26  is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily

27

28

---

[14]  Id.; 28 C.F.R. § 36.211(b)
*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

Page 19

1   achievable" is defined as "easily accomplishable and able to be carried out
2   without much difficulty or expense." Id. § 12181(9).

3       63.   When an entity can demonstrate that removal of a barrier is not
4   readily achievable, a failure to make goods, services, facilities, or
5   accommodations available through alternative methods is also specifically
6   prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

7       64.   Here, Strong alleges that the Westfield Defendants can easily
8   remove the architectural barriers at the Westfield Parkway Common Area
9   Facility without much difficulty or expense, and that the Westfield Defendants
10  violated the ADA by failing to remove those barriers, when it was readily
11  achievable to do so.

12      65.   In the alternative, if it was not "readily achievable" for the Westfield
13  Defendants to remove the Westfield Parkway Common Area Facility's barriers,
14  then the Westfield Defendants violated the ADA by failing to make the required
15  services available through alternative methods, which are readily achievable.

16  <u>Failure to Design and Construct an Accessible Facility</u>

17      66.   On information and belief, the Westfield Parkway Common Area
18  Facility was designed or constructed (or both) after January 26, 1992—
19  independently triggering access requirements under Title III of the ADA.

20      67.   The ADA also prohibits designing and constructing facilities for
21  first occupancy after January 26, 1993, that aren't readily accessible to, and
22  usable by, individuals with disabilities when it was structurally practicable to do
23  so. 42 U.S.C. § 12183(a)(1).

24      68.   Here, the Westfield Defendants violated the ADA by designing or
25  constructing (or both) the Westfield Parkway Common Area Facility in a manner

26

27

28

1  that was not readily accessible to the physically disabled public—including
2  Strong—when it was structurally practical to do so.[15]

3                    Failure to Make an Altered Facility Accessible

4       69.    On information and belief, the Westfield Parkway Common Area
5  Facility was modified after January 26, 1992, independently triggering access
6  requirements under the ADA.

7       70.    The ADA also requires that facilities altered in a manner that affects
8  (or could affect) its usability must be made readily accessible to individuals with
9  disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering
10 an area that contains a facility's primary function also requires adding making
11 the paths of travel, bathrooms, telephones, and drinking fountains serving that
12 area accessible to the maximum extent feasible. Id.

13      71.    Here, the Westfield Defendants altered the Westfield Parkway
14 Common Area Facility in a manner that violated the ADA and was not readily
15 accessible to the physically disabled public—including Strong—to the maximum
16 extent feasible.

17                Failure to Modify Existing Policies and Procedures

18      72.    The ADA also requires reasonable modifications in policies,
19 practices, or procedures, when necessary to afford such goods, services,
20 facilities, or accommodations to individuals with disabilities, unless the entity
21 can demonstrate that making such modifications would fundamentally alter their
22 nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

23      73.    Here, the Westfield Defendants violated the ADA by failing to make
24 reasonable modifications in policies, practices, or procedures at the Westfield
25 Parkway Common Area Facility, when these modifications were necessary to

26
27
28

---

[15] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
    private attorney general under either state or federal statutes.
*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

1  afford (and would not fundamentally alter the nature of) these goods, services,
2  facilities, or accommodations.

3      74.    Strong seeks all relief available under the ADA (*i.e.*, injunctive
4  relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
5  U.S.C. § 12205.

6      75.    Strong also seeks a finding from this Court (*i.e.,* declaratory relief)
7  that the Westfield Defendants violated the ADA in order to pursue damages
8  under California's Unruh Civil Rights Act or Disabled Persons Act.

9  VII. SECOND CLAIM
10 **Disabled Persons Act**
11 (The Westfield Parkway Common Area Facility)

12     76.    Strong incorporates the allegations contained in paragraphs 1
13 through 75 for this claim.

14     77.    California Civil Code § 54 states, in part, that: Individuals with
15 disabilities have the same right as the general public to the full and free use of
16 the streets, sidewalks, walkways, public buildings and facilities, and other public
17 places.

18     78.    California Civil Code § 54.1 also states, in part, that: Individuals
19 with disabilities shall be entitled to full and equal access to accommodations,
20 facilities, telephone facilities, places of public accommodation, and other places
21 to which the general public is invited.

22     79.    Both sections specifically incorporate (by reference) an individual's
23 rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

24     80.    Here, the Westfield Defendants discriminated against the physically
25 disabled public—including Strong—by denying them full and equal access to the
26 Westfield Parkway Common Area Facility.  The Westfield Defendants also
27 violated Strong's rights under the ADA, and, therefore, infringed upon or
28 violated (or both) Strong's rights under the Disabled Persons Act.

81.    <u>For each offense</u> of the Disabled Persons Act, Strong seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

82.    He also seeks to enjoin the Westfield Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

### VIII. THIRD CLAIM

**Unruh Civil Rights Act**

(The Westfield Parkway Common Area Facility)

83.    Strong incorporates the allegations contained in paragraphs 1 through 82 for this claim.

84.    California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

85.    California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

86.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

87.    The Westfield Defendants' aforementioned acts and omissions denied the physically disabled public—including Strong—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

88.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Strong by violating the Unruh Act.

89.    Strong was damaged by the Westfield Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

90.    Strong also seeks to enjoin the Westfield Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Westfield Parkway Common Area Facility)

91.    Strong incorporates the allegations contained in paragraphs 1 through 90 for this claim.

92.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

93.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

94.    Strong alleges the Westfield Parkway Common Area Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Westfield Parkway Common Area Facility was not exempt under Health and Safety Code § 19956.

95.    The Westfield Defendants' non-compliance with these requirements at the Westfield Parkway Common Area Facility aggrieved (or potentially aggrieved) Strong and other persons with physical disabilities.  Accordingly, he

1  seeks injunctive relief and attorney fees pursuant to Health and Safety Code §
2  19953.

3                              X. FIFTH CLAIM

4                  **Americans with Disabilities Act of 1990**

5                  Denial of "Full and Equal" Enjoyment and Use

6                          (The Arby's Facility)

7      96.    Strong incorporates the allegations contained in paragraphs 1
8  through 95 for this claim.

9      97.    Title III of the ADA holds as a "general rule" that no individual
10  shall be discriminated against on the basis of disability in the full and equal
11  enjoyment (or use) of goods, services, facilities, privileges, and accommodations
12  offered by any person who owns, operates, or leases a place of public
13  accommodation. 42 U.S.C. § 12182(a).

14     98.    The Arby's Defendants' discriminated against Strong by denying
15  "full and equal enjoyment" and use of the goods, services, facilities, privileges or
16  accommodations of the Arby's Facility during each visit and each incident of
17  deterrence.

18          Failure to Remove Architectural Barriers in an Existing Facility

19     99.    The ADA specifically prohibits failing to remove architectural
20  barriers, which are structural in nature, in existing facilities where such removal
21  is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).    The term "readily
22  achievable" is defined as "easily accomplishable and able to be carried out
23  without much difficulty or expense." Id. § 12181(9).

24     100.   When an entity can demonstrate that removal of a barrier is not
25  readily achievable, a failure to make goods, services, facilities, or
26  accommodations available through alternative methods is also specifically
27  prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

28

1    101.  Here, Strong alleges that the Arby's Defendants can easily remove

2    the architectural barriers at the Arby's Facility without much difficulty or

3    expense, and that the Arby's Defendants violated the ADA by failing to remove

4    those barriers, when it was readily achievable to do so.

5    102.  In the alternative, if it was not "readily achievable" for the Arby's

6    Defendants to remove the Arby's Facility's barriers, then the Arby's Defendants

7    violated the ADA by failing to make the required services available through

8    alternative methods, which are readily achievable.

9    <u>Failure to Design and Construct an Accessible Facility</u>

10    103.  On information and belief, the Arby's Facility was designed or

11    constructed (or both) after January 26, 1992—independently triggering access

12    requirements under Title III of the ADA.

13    104.  The ADA also prohibits designing and constructing facilities for

14    first occupancy after January 26, 1993, that aren't readily accessible to, and

15    usable by, individuals with disabilities when it was structurally practicable to do

16    so. 42 U.S.C. § 12183(a)(1).

17    105.  Here, the Arby's Defendants violated the ADA by designing or

18    constructing (or both) the Arby's Facility in a manner that was not readily

19    accessible to the physically disabled public—including Strong—when it was

20    structurally practical to do so.[16]

21    <u>Failure to Make an Altered Facility Accessible</u>

22    106.  On information and belief, the Arby's Facility was modified after

23    January 26, 1992, independently triggering access requirements under the ADA.

24    107.  The ADA also requires that facilities altered in a manner that affects

25    (or could affect) its usability must be made readily accessible to individuals with

26    disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering

27

28    ---
[16]  Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
    private attorney general under either state or federal statutes.
*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

Page 26

1   an area that contains a facility's primary function also requires adding making

2   the paths of travel, bathrooms, telephones, and drinking fountains serving that

3   area accessible to the maximum extent feasible. Id.

4      108.   Here, the Arby's Defendants altered the Arby's Facility in a manner

5   that violated the ADA and was not readily accessible to the physically disabled

6   public—including Strong—to the maximum extent feasible.

7   <u>Failure to Modify Existing Policies and Procedures</u>

8      109.   The ADA also requires reasonable modifications in policies,

9   practices, or procedures, when necessary to afford such goods, services,

10   facilities, or accommodations to individuals with disabilities, unless the entity

11   can demonstrate that making such modifications would fundamentally alter their

12   nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

13      110.   Here, the Arby's Defendants violated the ADA by failing to make

14   reasonable modifications in policies, practices, or procedures at the Arby's

15   Facility, when these modifications were necessary to afford (and would not

16   fundamentally alter the nature of) these goods, services, facilities, or

17   accommodations.

18      111.   Strong seeks all relief available under the ADA (*i.e.,* injunctive

19   relief, attorney fees, costs, legal expense) for these aforementioned violations. 42

20   U.S.C. § 12205.

21      112.   Strong also seeks a finding from this Court (*i.e.,* declaratory relief)

22   that Applebee's violated the ADA in order to pursue damages under California's

23   Unruh Civil Rights Act or Disabled Persons Act.

24   XI. SIXTH CLAIM

25   **Disabled Persons Act**

26   (The Arby's Facility)

27      113.   Strong incorporates the allegations contained in paragraphs 1

28   through 112 for this claim.

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

114.  California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

115.  California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

116.  Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

117.  Here, the Arby's Defendants discriminated against the physically disabled public—including Strong—by denying them full and equal access to the Arby's Facility.  The Arby's Defendants also violated Strong's rights under the ADA, and, therefore, infringed upon or violated (or both) Strong's rights under the Disabled Persons Act.

118.  For each offense of the Disabled Persons Act, Strong seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

119.  He also seeks to enjoin the Arby's Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XII. SEVENTH CLAIM

### Unruh Civil Rights Act

(The Arby's Facility)

120.  Strong incorporates the allegations contained in paragraphs 1 through 119 for this claim.

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

121.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

122.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

123.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

124.   The Arby's Defendants' aforementioned acts and omissions denied the physically disabled public—including Strong—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

125.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Strong by violating the Unruh Act.

126.   Strong was damaged by the Arby's Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

127.   Strong also seeks to enjoin the Arby's Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### XIII. EIGHTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

(The Arby's Facility)

128.   Strong incorporates the allegations contained in paragraphs 1 through 127 for this claim.

1   129.   Health and Safety Code § 19955(a) states, in part, that: California
2   public accommodations or facilities (built with private funds) shall adhere to the
3   provisions of Government Code § 4450.

4   130.   Health and Safety Code § 19959 states, in part, that: Every existing
5   (non-exempt) public accommodation constructed prior to July 1, 1970, which is
6   altered or structurally repaired, is required to comply with this chapter.

7   131.   Strong alleges the Arby's Facility is a public accommodation
8   constructed, altered, or repaired in a manner that violates Part 5.5 of the Health
9   and Safety Code or Government Code § 4450 (or both), and that the Arby's
10  Facility was not exempt under Health and Safety Code § 19956.

11  132.   The Arby's Defendants' non-compliance with these requirements at
12  the Arby's Facility aggrieved (or potentially aggrieved) Strong and other persons
13  with physical disabilities.   Accordingly, he seeks injunctive relief and attorney
14  fees pursuant to Health and Safety Code § 19953.

15                          XIV. NINTH CLAIM

16                **Americans with Disabilities Act of 1990**

17              <u>Denial of "Full and Equal" Enjoyment and Use</u>

18                       (The McDonald's Facility)

19  133.   Strong incorporates the allegations contained in paragraphs 1
20  through 132 for this claim.

21  134.   Title III of the ADA holds as a "general rule" that no individual
22  shall be discriminated against on the basis of disability in the full and equal
23  enjoyment (or use) of goods, services, facilities, privileges, and accommodations
24  offered by any person who owns, operates, or leases a place of public
25  accommodation. 42 U.S.C. § 12182(a).

26  135.   The McDonald's Defendants discriminated against Strong by
27  denying "full and equal enjoyment" and use of the goods, services, facilities,

28

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

1    privileges or accommodations of the McDonald's Facility during each visit and
2    each incident of deterrence.

3              Failure to Remove Architectural Barriers in an Existing Facility

4        136.  The ADA specifically prohibits failing to remove architectural
5    barriers, which are structural in nature, in existing facilities where such removal
6    is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).    The term "readily
7    achievable" is defined as "easily accomplishable and able to be carried out
8    without much difficulty or expense." Id. § 12181(9).

9        137.  When an entity can demonstrate that removal of a barrier is not
10   readily achievable, a failure to make goods, services, facilities, or
11   accommodations available through alternative methods is also specifically
12   prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

13       138.  Here, Strong alleges that the McDonald's Defendants can easily
14   remove the architectural barriers at the McDonald's Facility without much
15   difficulty or expense, and that the McDonald's Defendants violated the ADA by
16   failing to remove those barriers, when it was readily achievable to do so.

17       139.  In the alternative, if it was not "readily achievable" for the
18   McDonald's Defendants to remove the McDonald's Facility's barriers, then the
19   McDonald's Defendants violated the ADA by failing to make the required
20   services available through alternative methods, which are readily achievable.

21              Failure to Design and Construct an Accessible Facility

22       140.  On information and belief, the McDonald's Facility was designed or
23   constructed (or both) after January 26, 1992—independently triggering access
24   requirements under Title III of the ADA.

25       141.  The ADA also prohibits designing and constructing facilities for
26   first occupancy after January 26, 1993, that aren't readily accessible to, and
27   usable by, individuals with disabilities when it was structurally practicable to do
28   so. 42 U.S.C. § 12183(a)(1).

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

142.  Here, the McDonald's Defendants violated the ADA by designing or constructing (or both) the McDonald's Facility in a manner that was not readily accessible to the physically disabled public—including Strong—when it was structurally practical to do so.[17]

### Failure to Make an Altered Facility Accessible

143.  On information and belief, the McDonald's Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

144.  The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

145.  Here, the McDonald's Defendants altered the McDonald's Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Strong—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

146.  The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

147.  Here, the McDonald's Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the McDonald's Facility, when these modifications were necessary to afford (and

---

[17]  Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

1    would not fundamentally alter the nature of) these goods, services, facilities, or
2    accommodations.

3    148.  Strong seeks all relief available under the ADA (*i.e.*, injunctive
4    relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
5    U.S.C. § 12205.

6    149.  Strong also seeks a finding from this Court (*i.e.,* declaratory relief)
7    that the McDonald's Defendants violated the ADA in order to pursue damages
8    under California's Unruh Civil Rights Act or Disabled Persons Act.

9    XV. TENTH CLAIM

10    **Disabled Persons Act**

11    (The McDonald's Facility)

12    150.  Strong incorporates the allegations contained in paragraphs 1
13    through 149 for this claim.

14    151.  California Civil Code § 54 states, in part, that: Individuals with
15    disabilities have the same right as the general public to the full and free use of
16    the streets, sidewalks, walkways, public buildings and facilities, and other public
17    places.

18    152.  California Civil Code § 54.1 also states, in part, that: Individuals
19    with disabilities shall be entitled to full and equal access to accommodations,
20    facilities, telephone facilities, places of public accommodation, and other places
21    to which the general public is invited.

22    153.  Both sections specifically incorporate (by reference) an individual's
23    rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

24    154.  Here, the McDonald's Defendants discriminated against the
25    physically disabled public—including Strong—by denying them full and equal
26    access to the McDonald's Facility.  The McDonald's Defendants also violated
27    Strong's rights under the ADA, and, therefore, infringed upon or violated (or
28    both) Strong's rights under the Disabled Persons Act.

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

155. <u>For each offense</u> of the Disabled Persons Act, Strong seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

156. He also seeks to enjoin the McDonald's Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XVI. ELEVENTH CLAIM

### Unruh Civil Rights Act

(The McDonald's Facility)

157. Strong incorporates the allegations contained in paragraphs 1 through 156 for this claim.

158. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

159. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

160. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

161. The McDonald's Defendants' aforementioned acts and omissions denied the physically disabled public—including Strong—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

162.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Strong by violating the Unruh Act.

163.   Strong was damaged by the McDonald's Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

164.   Strong also seeks to enjoin the McDonald's Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XVII. TWELFTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The McDonald's Facility)

165.   Strong incorporates the allegations contained in paragraphs 1 through 164 for this claim.

166.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

167.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

168.   Strong alleges the McDonald's Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the McDonald's Facility was not exempt under Health and Safety Code § 19956.

169.   The   McDonald's   Defendants'   non-compliance   with   these requirements at the McDonald's Facility aggrieved (or potentially aggrieved) Strong and other persons with physical disabilities.   Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

# XVIII. THIRTEENTH CLAIM

## Americans with Disabilities Act of 1990

### Denial of "Full and Equal" Enjoyment and Use

(The Subway Facility)

170. Strong incorporates the allegations contained in paragraphs 1 through 169 for this claim.

171. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

172. The Subway Defendants discriminated against Strong by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Subway Facility during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

173. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

174. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

175. Here, Strong alleges that the Subway Defendants can easily remove the architectural barriers at the Subway Facility without much difficulty or

1    expense, and that the Subway Defendants violated the ADA by failing to remove

2    those barriers, when it was readily achievable to do so.

3        176.   In the alternative, if it was not "readily achievable" for the Subway

4    Defendants to remove the Subway Facility's barriers, then the Subway

5    Defendants violated the ADA by failing to make the required services available

6    through alternative methods, which are readily achievable.

7                Failure to Design and Construct an Accessible Facility

8        177.   On information and belief, the Subway Facility was designed or

9    constructed (or both) after January 26, 1992—independently triggering access

10    requirements under Title III of the ADA.

11        178.   The ADA also prohibits designing and constructing facilities for

12    first occupancy after January 26, 1993, that aren't readily accessible to, and

13    usable by, individuals with disabilities when it was structurally practicable to do

14    so. 42 U.S.C. § 12183(a)(1).

15        179.   Here, the Subway Defendants violated the ADA by designing or

16    constructing (or both) the Subway Facility in a manner that was not readily

17    accessible to the physically disabled public—including Strong—when it was

18    structurally practical to do so.[18]

19                Failure to Make an Altered Facility Accessible

20        180.   On information and belief, the Subway Facility was modified after

21    January 26, 1992, independently triggering access requirements under the ADA.

22        181.   The ADA also requires that facilities altered in a manner that affects

23    (or could affect) its usability must be made readily accessible to individuals with

24    disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).   Altering

25    an area that contains a facility's primary function also requires adding making

26

27

---

28    [18]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
         private attorney general under either state or federal statutes.

    *Strong v. Westfield America, Inc., et al.*
    Plaintiff's Complaint

                                Page 37

1    the paths of travel, bathrooms, telephones, and drinking fountains serving that

2    area accessible to the maximum extent feasible. Id.

3      182. Here, the Subway Defendants altered the Subway Facility in a

4    manner that violated the ADA and was not readily accessible to the physically

5    disabled public—including Strong—to the maximum extent feasible.

6            <u>Failure to Modify Existing Policies and Procedures</u>

7      183. The ADA also requires reasonable modifications in policies,

8    practices, or procedures, when necessary to afford such goods, services,

9    facilities, or accommodations to individuals with disabilities, unless the entity

10    can demonstrate that making such modifications would fundamentally alter their

11    nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

12      184. Here, the Subway Defendants violated the ADA by failing to make

13    reasonable modifications in policies, practices, or procedures at the Subway

14    Facility, when these modifications were necessary to afford (and would not

15    fundamentally alter the nature of) these goods, services, facilities, or

16    accommodations.

17      185. Strong seeks all relief available under the ADA (*i.e.*, injunctive

18    relief, attorney fees, costs, legal expense) for these aforementioned violations. 42

19    U.S.C. § 12205.

20      186. Strong also seeks a finding from this Court (*i.e.,* declaratory relief)

21    that the Subway Defendants violated the ADA in order to pursue damages under

22    California's Unruh Civil Rights Act or Disabled Persons Act.

23                  XIX. FOURTEENTH CLAIM

24                  **Disabled Persons Act**

25                  (The Subway Facility)

26      187. Strong incorporates the allegations contained in paragraphs 1

27    through 186 for this claim.

28

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

188.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

189.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

190.   Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

191.   Here, the Subway Defendants discriminated against the physically disabled public—including Strong—by denying them full and equal access to the Subway Facility.  The Subway Defendants also violated Strong's rights under the ADA, and, therefore, infringed upon or violated (or both) Strong's rights under the Disabled Persons Act.

192.   For each offense of the Disabled Persons Act, Strong seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

193.   He also seeks to enjoin the Subway Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XX. FIFTEENTH CLAIM

### Unruh Civil Rights Act

(The Subway Facility)

194.   Strong incorporates the allegations contained in paragraphs 1 through 193 for this claim.

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

1    195.  California Civil Code § 51 states, in part, that: All persons within

2  the jurisdiction of this state are entitled to the full and equal accommodations,

3  advantages, facilities, privileges, or services in all business establishments of

4  every kind whatsoever.

5    196.  California Civil Code § 51.5 also states, in part, that: No business

6  establishment of any kind whatsoever shall discriminate against any person in

7  this state because of the disability of the person.

8    197.  California Civil Code § 51(f) specifically incorporates (by

9  reference) an individual's rights under the ADA into the Unruh Act.

10    198.  The Subway Defendants' aforementioned acts and omissions denied

11  the    physically    disabled    public—including    Strong—full    and    equal

12  accommodations, advantages, facilities, privileges and services in a business

13  establishment (because of their physical disability).

14    199.  These acts and omissions (including the ones that violate the ADA)

15  denied, aided or incited a denial, or discriminated against Strong by violating the

16  Unruh Act.

17    200.  Strong was damaged by the Subway Defendants' wrongful conduct,

18  and seeks statutory minimum damages of four thousand dollars ($4,000) for each

19  offense.

20    201.  Strong also seeks to enjoin the Subway Defendants from violating

21  the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs

22  incurred under California Civil Code § 52(a).

23                    XXI. SIXTEENTH CLAIM

24          **Denial of Full and Equal Access to Public Facilities**

25                       (The Subway Facility)

26    202.  Strong incorporates the allegations contained in paragraphs 1

27  through 201 for this claim.

28

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

                            Page 40

203.  Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

204.  Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

205.  Strong alleges the Subway Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Subway Facility was not exempt under Health and Safety Code § 19956.

206.  The Subway Defendants' non-compliance with these requirements at the Subway Facility aggrieved (or potentially aggrieved) Strong and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XXII. SEVENTEENTH CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

(The Regal Cinema Facility)

207.  Strong incorporates the allegations contained in paragraphs 1 through 206 for this claim.

208.  Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

209.  The Regal Cinema Defendants discriminated against Strong by denying "full and equal enjoyment" and use of the goods, services, facilities,

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

1 | privileges or accommodations of the Regal Cinema Facility during each visit and
2 | each incident of deterrence.

3 | <u>Failure to Remove Architectural Barriers in an Existing Facility</u>

4 | 210.   The ADA specifically prohibits failing to remove architectural
5 | barriers, which are structural in nature, in existing facilities where such removal
6 | is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily
7 | achievable" is defined as "easily accomplishable and able to be carried out
8 | without much difficulty or expense." <u>Id.</u> § 12181(9).

9 | 211.   When an entity can demonstrate that removal of a barrier is not
10 | readily achievable, a failure to make goods, services, facilities, or
11 | accommodations available through alternative methods is also specifically
12 | prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

13 | 212.   Here, Strong alleges that the Regal Cinema Defendants can easily
14 | remove the architectural barriers at the Regal Cinema Facility without much
15 | difficulty or expense, and that Party City violated the ADA by failing to remove
16 | those barriers, when it was readily achievable to do so.

17 | 213.   In the alternative, if it was not "readily achievable" for the Regal
18 | Cinema Defendants to remove the Regal Cinema Facility's barriers, then the
19 | Regal Cinema Defendants violated the ADA by failing to make the required
20 | services available through alternative methods, which are readily achievable.

21 | <u>Failure to Design and Construct an Accessible Facility</u>

22 | 214.   On information and belief, the Regal Cinema Facility was designed
23 | or constructed (or both) after January 26, 1992—independently triggering access
24 | requirements under Title III of the ADA.

25 | 215.   The ADA also prohibits designing and constructing facilities for
26 | first occupancy after January 26, 1993, that aren't readily accessible to, and
27 | usable by, individuals with disabilities when it was structurally practicable to do
28 | so. 42 U.S.C. § 12183(a)(1).

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

216.    Here, the Regal Cinema Defendants violated the ADA by designing or constructing (or both) the Regal Cinema Facility in a manner that was not readily accessible to the physically disabled public—including Strong—when it was structurally practical to do so.[19]

<u>Failure to Make an Altered Facility Accessible</u>

217.    On information and belief, the Regal Cinema Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

218.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id.</u>

219.    Here, the Regal Cinema Defendants altered the Regal Cinema Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Strong—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

220.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

221.    Here, the Regal Cinema Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Regal Cinema Facility, when these modifications were necessary to afford (and would

---

[19]    Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

1    not fundamentally alter the nature of) these goods, services, facilities, or
2    accommodations.

3    222.  Strong seeks all relief available under the ADA (*i.e.*, injunctive
4    relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
5    U.S.C. § 12205.

6    223.  Strong also seeks a finding from this Court (*i.e.,* declaratory relief)
7    that the Regal Cinema Defendants violated the ADA in order to pursue damages
8    under California's Unruh Civil Rights Act or Disabled Persons Act.

9    XXIII. EIGHTEENTH CLAIM

10    **Disabled Persons Act**

11    (The Regal Cinema Facility)

12    224.  Strong incorporates the allegations contained in paragraphs 1
13    through 223 for this claim.

14    225.  California Civil Code § 54 states, in part, that: Individuals with
15    disabilities have the same right as the general public to the full and free use of
16    the streets, sidewalks, walkways, public buildings and facilities, and other public
17    places.

18    226.  California Civil Code § 54.1 also states, in part, that: Individuals
19    with disabilities shall be entitled to full and equal access to accommodations,
20    facilities, telephone facilities, places of public accommodation, and other places
21    to which the general public is invited.

22    227.  Both sections specifically incorporate (by reference) an individual's
23    rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

24    228.  Here, the Regal Cinema Defendants discriminated against the
25    physically disabled public—including Strong—by denying them full and equal
26    access to the Regal Cinema Facility.  The Regal Cinema Defendants also
27    violated Strong's rights under the ADA, and, therefore, infringed upon or
28    violated (or both) Strong's rights under the Disabled Persons Act.

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

229.  <u>For each offense</u> of the Disabled Persons Act, Strong seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

230.  He also seeks to enjoin the Regal Cinema Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

### XXIV. NINETEENTH CLAIM

**Unruh Civil Rights Act**

(The Regal Cinema Facility)

231.  Strong incorporates the allegations contained in paragraphs 1 through 230 for this claim.

232.  California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

233.  California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

234.  California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

235.  The Regal Cinema Defendants' aforementioned acts and omissions denied the physically disabled public—including Strong—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

236.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Strong by violating the Unruh Act.

237.   Strong was damaged by the Regal Cinema Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

238.   Strong also seeks to enjoin the Regal Cinema Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

XXV. TWENTIETH CLAIM

**Denial of Full and Equal Access to Public Facilities**

(The Regal Cinema Facility)

239.   Strong incorporates the allegations contained in paragraphs 1 through 238 for this claim.

240.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

241.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

242.   Strong alleges the Regal Cinema Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Regal Cinema Facility was not exempt under Health and Safety Code § 19956.

243.   The Regal Cinema Defendants' non-compliance with these requirements at the Regal Cinema Facility aggrieved (or potentially aggrieved) Strong and other persons with physical disabilities.   Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XXVI. TWENTY-FIRST CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The Pat & Oscar's Facility)

244.   Strong incorporates the allegations contained in paragraphs 1 through 243 for this claim.

245.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

246.   The Pat & Oscar's Defendants discriminated against Strong by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Pat & Oscar's Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

247.   The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

248.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to  make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

249.   Here, Strong alleges that the Pat & Oscar's Defendants can easily remove the architectural barriers at the Pat & Oscar's Facility without much

difficulty or expense, and that Mervyn's violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

250.   In the alternative, if it was not "readily achievable" for the Pat & Oscar's Defendants to remove the Pat & Oscar's Facility's barriers, then the Pat & Oscar's Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

251.   On information and belief, the Pat & Oscar's Facility was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

252.   The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

253.   Here, the Pat & Oscar's Defendants violated the ADA by designing or constructing (or both) the Pat & Oscar's Facility in a manner that was not readily accessible to the physically disabled public—including Strong—when it was structurally practical to do so.[20]

<u>Failure to Make an Altered Facility Accessible</u>

254.   On information and belief, the Pat & Oscar's Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

255.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making

---

[20]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

Page 48

1  the paths of travel, bathrooms, telephones, and drinking fountains serving that
2  area accessible to the maximum extent feasible. Id.

3      256.  Here, the Pat & Oscar's Defendants altered the Pat & Oscar's
4  Facility in a manner that violated the ADA and was not readily accessible to the
5  physically disabled public—including Strong—to the maximum extent feasible.

6              Failure to Modify Existing Policies and Procedures

7      257.  The ADA also requires reasonable modifications in policies,
8  practices, or procedures, when necessary to afford such goods, services,
9  facilities, or accommodations to individuals with disabilities, unless the entity
10 can demonstrate that making such modifications would fundamentally alter their
11 nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

12     258.  Here, the Pat & Oscar's Defendants violated the ADA by failing to
13 make reasonable modifications in policies, practices, or procedures at the Pat &
14 Oscar's Facility, when these modifications were necessary to afford (and would
15 not fundamentally alter the nature of) these goods, services, facilities, or
16 accommodations.

17     259.  Strong seeks all relief available under the ADA (i.e., injunctive
18 relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
19 U.S.C. § 12205.

20     260.  Strong also seeks a finding from this Court (i.e., declaratory relief)
21 that the Pat & Oscar's Defendants violated the ADA in order to pursue damages
22 under California's Unruh Civil Rights Act or Disabled Persons Act.

23                    XXVII. TWENTY-SECOND CLAIM

24                        **Disabled Persons Act**

25                        (The Pat & Oscar's Facility)

26     261.  Strong incorporates the allegations contained in paragraphs 1
27 through 260 for this claim.

28

262. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

263. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

264. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

265. Here, the Pat & Oscar's Defendants discriminated against the physically disabled public—including Strong—by denying them full and equal access to the Pat & Oscar's Facility. The Pat & Oscar's Defendants also violated Strong's rights under the ADA, and, therefore, infringed upon or violated (or both) Strong's rights under the Disabled Persons Act.

266. For each offense of the Disabled Persons Act, Strong seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

267. He also seeks to enjoin the Pat & Oscar's Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

XXVIII. TWENTY-THIRD CLAIM

**Unruh Civil Rights Act**

(The Pat & Oscar's Facility)

268. Strong incorporates the allegations contained in paragraphs 1 through 267 for this claim.

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

1    269.  California Civil Code § 51 states, in part, that: All persons within

2    the jurisdiction of this state are entitled to the full and equal accommodations,

3    advantages, facilities, privileges, or services in all business establishments of

4    every kind whatsoever.

5    270.  California Civil Code § 51.5 also states, in part, that: No business

6    establishment of any kind whatsoever shall discriminate against any person in

7    this state because of the disability of the person.

8    271.  California  Civil  Code  §  51(f)  specifically  incorporates  (by

9    reference) an individual's rights under the ADA into the Unruh Act.

10    272.  The Pat & Oscar's Defendants' aforementioned acts and omissions

11    denied  the  physically  disabled  public—including  Strong—full  and  equal

12    accommodations, advantages, facilities, privileges and services in a business

13    establishment (because of their physical disability).

14    273.  These acts and omissions (including the ones that violate the ADA)

15    denied, aided or incited a denial, or discriminated against Strong by violating the

16    Unruh Act.

17    274.  Strong was damaged by the Pat & Oscar's Defendants' wrongful

18    conduct, and seeks statutory minimum damages of four thousand dollars

19    ($4,000) for each offense.

20    275.  Strong also seeks to enjoin the Pat & Oscar's Defendants from

21    violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and

22    costs incurred under California Civil Code § 52(a).

23    XXIX. TWENTY-FOURTH CLAIM

24    **Denial of Full and Equal Access to Public Facilities**

25    (The Pat & Oscar's Facility)

26    276.  Strong incorporates the allegations contained in paragraphs 1

27    through 275 for this claim.

28

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

277.  Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

278.  Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

279.  Strong alleges the Pat & Oscar's Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Pat & Oscar's Facility was not exempt under Health and Safety Code § 19956.

280.  The Pat & Oscar's Defendants' non-compliance with these requirements at the Pat & Oscar's Facility aggrieved (or potentially aggrieved) Strong and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XXX. TWENTY-FIFTH CLAIM

### Americans with Disabilities Act of 1990

### Denial of "Full and Equal" Enjoyment and Use

(The Quiznos Facility)

281.  Strong incorporates the allegations contained in paragraphs 1 through 280 for this claim.

282.  Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

283.  The Quiznos Defendants discriminated against Strong by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or

1  accommodations of the Quiznos Facility during each visit and each incident of

2  deterrence.

3      Failure to Remove Architectural Barriers in an Existing Facility

4      284.  The ADA specifically prohibits failing to remove architectural

5  barriers, which are structural in nature, in existing facilities where such removal

6  is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily

7  achievable" is defined as "easily accomplishable and able to be carried out

8  without much difficulty or expense." Id. § 12181(9).

9      285.  When an entity can demonstrate that removal of a barrier is not

10  readily achievable, a failure to make goods, services, facilities, or

11  accommodations available through alternative methods is also specifically

12  prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

13      286.  Here, Strong alleges that the Quiznos Defendants can easily remove

14  the architectural barriers at the Quiznos Facility without much difficulty or

15  expense, and that Target violated the ADA by failing to remove those barriers,

16  when it was readily achievable to do so.

17      287.  In the alternative, if it was not "readily achievable" for the Quiznos

18  Defendants to remove the Quiznos Facility's barriers, then the Quiznos

19  Defendants violated the ADA by failing to make the required services available

20  through alternative methods, which are readily achievable.

21      Failure to Design and Construct an Accessible Facility

22      288.  On information and belief, the Quiznos Facility was designed or

23  constructed (or both) after January 26, 1992—independently triggering access

24  requirements under Title III of the ADA.

25      289.  The ADA also prohibits designing and constructing facilities for

26  first occupancy after January 26, 1993, that aren't readily accessible to, and

27  usable by, individuals with disabilities when it was structurally practicable to do

28  so. 42 U.S.C. § 12183(a)(1).

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

290.  Here, the Quiznos Defendants violated the ADA by designing or constructing (or both) the Quiznos Facility in a manner that was not readily accessible to the physically disabled public—including Strong—when it was structurally practical to do so.[21]

Failure to Make an Altered Facility Accessible

291.  On information and belief, the Quiznos Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

292.  The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

293.  Here, the Quiznos Defendants altered the Quiznos Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Strong—to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

294.  The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

295.  Here, the Quiznos Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Quiznos Facility, when these modifications were necessary to afford (and would not

---

[21]  Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

Page 54

1  fundamentally alter the nature of) these goods, services, facilities, or

2  accommodations.

3      296.  Strong seeks all relief available under the ADA (*i.e.*, injunctive

4  relief, attorney fees, costs, legal expense) for these aforementioned violations. 42

5  U.S.C. § 12205.

6      297.  Strong also seeks a finding from this Court (*i.e.,* declaratory relief)

7  that the Quiznos Defendants violated the ADA in order to pursue damages under

8  California's Unruh Civil Rights Act or Disabled Persons Act.

9  XXXI. TWENTY-SIXTH CLAIM

10 **Disabled Persons Act**

11 (The Quiznos Facility)

12     298.  Strong incorporates the allegations contained in paragraphs 1

13 through 297 for this claim.

14     299.  California Civil Code § 54 states, in part, that: Individuals with

15 disabilities have the same right as the general public to the full and free use of

16 the streets, sidewalks, walkways, public buildings and facilities, and other public

17 places.

18     300.  California Civil Code § 54.1 also states, in part, that: Individuals

19 with disabilities shall be entitled to full and equal access to accommodations,

20 facilities, telephone facilities, places of public accommodation, and other places

21 to which the general public is invited.

22     301.  Both sections specifically incorporate (by reference) an individual's

23 rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

24     302.  Here, the Quiznos Defendants discriminated against the physically

25 disabled public—including Strong—by denying them full and equal access to the

26 Quiznos Facility.  The Quiznos Defendants also violated Strong's rights under

27 the ADA, and, therefore, infringed upon or violated (or both) Strong's rights

28 under the Disabled Persons Act.

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

303.  <u>For each offense</u> of the Disabled Persons Act, Strong seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

304.  He also seeks to enjoin the Quiznos Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

### XXXII. TWENTY-SEVENTH CLAIM

**Unruh Civil Rights Act**

(The Quiznos Facility)

305.  Strong incorporates the allegations contained in paragraphs 1 through 304 for this claim.

306.  California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

307.  California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

308.  California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

309.  The Quiznos Defendants' aforementioned acts and omissions denied the physically disabled public—including Strong—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

310. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Strong by violating the Unruh Act.

311. Strong was damaged by the Quiznos Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

312. Strong also seeks to enjoin the Quiznos Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XXXIII. TWENTY-EIGHTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Quiznos Facility)

313. Strong incorporates the allegations contained in paragraphs 1 through 312 for this claim.

314. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

315. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

316. Strong alleges the Quiznos Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Quiznos Facility was not exempt under Health and Safety Code § 19956.

317. The Quiznos Defendants' non-compliance with these requirements at the Quiznos Facility aggrieved (or potentially aggrieved) Strong and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

1

## XXXIV. PRAYER FOR RELIEF

2  WHEREFORE, Strong prays judgment against the Westfield Defendants for:

3  1.      Injunctive relief, preventive relief, or any other relief the Court deems
4  proper.

5  2.      Declaratory relief that the Westfield Defendants violated the ADA for the
6  purposes of Unruh Act or Disabled Persons Act damages.

7  3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the
8  California Civil Code (but not both) according to proof.

9  4.      Attorneys' fees, litigation expenses, and costs of suit.[22]

10  5.      Interest at the legal rate from the date of the filing of this action.

11

## XXXV. PRAYER FOR RELIEF

12  WHEREFORE, Strong prays judgment against the Arby's Defendants for:

13  1.      Injunctive relief, preventive relief, or any other relief the Court deems
14  proper.

15  2.      Declaratory relief that the Arby's Defendants violated the ADA for the
16  purposes of Unruh Act or Disabled Persons Act damages.

17  3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the
18  California Civil Code (but not both) according to proof.

19  4.      Attorneys' fees, litigation expenses, and costs of suit.[23]

20  5.      Interest at the legal rate from the date of the filing of this action.

21

## XXXVI. PRAYER FOR RELIEF

22  WHEREFORE, Strong prays judgment against the McDonald's Defendants for:

23  1.      Injunctive relief, preventive relief, or any other relief the Court deems
24  proper.

25  2.      Declaratory relief that the McDonald's Defendants violated the ADA for
26  the purposes of Unruh Act or Disabled Persons Act damages.

27

28
[22]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[23]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

1    3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the

2    California Civil Code (but not both) according to proof.

3    4.    Attorneys' fees, litigation expenses, and costs of suit.[24]

4    5.    Interest at the legal rate from the date of the filing of this action.

5                              XXXVII. PRAYER FOR RELIEF

6    WHEREFORE, Strong prays judgment against the Subway Defendants for:

7    1.    Injunctive relief, preventive relief, or any other relief the Court deems

8    proper.

9    2.    Declaratory relief that the Subway Defendants violated the ADA for the

10    purposes of Unruh Act or Disabled Persons Act damages.

11    3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the

12    California Civil Code (but not both) according to proof.

13    4.    Attorneys' fees, litigation expenses, and costs of suit.[25]

14    5.    Interest at the legal rate from the date of the filing of this action.

15                              XXXVIII. PRAYER FOR RELIEF

16    WHEREFORE, Strong prays judgment against the Regal Cinema Defendants

17    for:

18    1.    Injunctive relief, preventive relief, or any other relief the Court deems

19    proper.

20    2.    Declaratory relief that the Regal Cinema Defendants violated the ADA for

21    the purposes of Unruh Act or Disabled Persons Act damages.

22    3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the

23    California Civil Code (but not both) according to proof.

24    4.    Attorneys' fees, litigation expenses, and costs of suit.[26]

25    5.    Interest at the legal rate from the date of the filing of this action.

26

27

28

---

[24]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[25]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[26]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Strong v. Westfield America, Inc., et al.*
Plaintiff's Complaint

1          IXL. PRAYER FOR RELIEF

2   WHEREFORE, Strong prays judgment against the Pat & Oscar's Defendants for:

3   1.      Injunctive relief, preventive relief, or any other relief the Court deems

4   proper.

5   2.      Declaratory relief that the Pat & Oscar's Defendants violated the ADA for

6   the purposes of Unruh Act or Disabled Persons Act damages.

7   3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the

8   California Civil Code (but not both) according to proof.

9   4.      Attorneys' fees, litigation expenses, and costs of suit.[27]

10  5.      Interest at the legal rate from the date of the filing of this action.

11         XL. PRAYER FOR RELIEF

12  WHEREFORE, Strong prays judgment against the Quiznos Defendants for:

13  1.      Injunctive relief, preventive relief, or any other relief the Court deems

14  proper.

15  2.      Declaratory relief that the Quiznos Defendants violated the ADA for the

16  purposes of Unruh Act or Disabled Persons Act damages.

17  3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the

18  California Civil Code (but not both) according to proof.

19  4.      Attorneys' fees, litigation expenses, and costs of suit.[28]

20  5.      Interest at the legal rate from the date of the filing of this action.

21

22  DATED: January 22, 2008        DISABLED ADVOCACY GROUP, APLC

23

24

25                                 LYNN HUBBARD, III
                                   Attorney for Plaintiff, Matt Strong
26

27

28  ---
    [27]  This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
    [28]  This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

    *Strong v. Westfield America, Inc., et al.*
    Plaintiff's Complaint
                         Page 60

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

## I. (a) PLAINTIFFS

MATT STRONG

### DEFENDANTS

Please see attached list

08 JAN 24 PM 2: 28

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** County of Residence of First Listed Plaintiff    SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY:    PDV    DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

DISABLED ADVOCACY GROUP, APLC  (530) 895-3252
12 WILLIAMSBURG LANE CHICO, CA 95926

Attorneys (If Known)

'08 CV 0145 BEN POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.

Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE                    DOCKET NUMBER

DATE
01/22/2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 146829    AMOUNT 350,    APPLYING IFP    JUDGE    MAG. JUDGE

1/24/08

# LIST OF DEFENDANTS

1. Westfield America, Inc.
2. Parkway Plaza, LP
3. Elvi Restaurants Incorporated dba Arby's Restaurant #5939
4. ELG, LTD dba McDonald's
5. Pacific Food Business Corp. dba Subway #42364
6. Regal Cinemas, Inc. dba Regal Parkway Plaza 18
7. FFPE, LLC dba Pat & Oscar's
8. American Healthy Sandwich Corp. dba Quiznos Subs Parkway Plaza #1280

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 146829    — SR**

**January 24, 2008**
**14:59:18**

**Civ Fil Non-Pris**
USAO #.: 08CV0145 CIV. FIL.
Judge..: ROGER T BENITEZ
Amount.:                    $350.00 CK
Check#.: BC#20579

**Total-> $350.00**

FROM: STRONG V. WESTFIELD AMERICA,
      ET AL
      CIVIL FILING