Dick A. Semerdjian, Esq. (State Bar No. 123630)
Jeffrey M. Temple, Esq. (State Bar No. 217144)
SCHWARTZ SEMERDJIAN HAILE BALLARD & CAULEY LLP
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone No. 619-236-8821
Facsimile No. 619-236-8827

Attorneys for Defendant,
FFPE, LLC dba PAT & OSCARS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT STRONG,<br><br>    Plaintiff,<br><br>v.<br><br>WESTFIELD AMERICAN, INC.; PARKWAY PLAZA, LP; ELVI RESTAURANTS INCORPORATED dba ARBY'S RESTAURANT #5939; ELG, LTD dba McDONALD'S; PACIFIC FOOD BUSINESS CORP. dba SUBWAY #42364; REGAL CINEMAS, INC, dba REGAL PARKWAY PLAZA 19; FFPE, LLC dba PAT 7 OSCAR'S; AMERICAN HEALTHY SANDWICH CORP. dba QUIZNOS SUBS PARKWAY PLAZA #1280,<br><br>    Defendants. | Case No. 08 CV 145 BEN POR<br><br>**DEFENDANT FFPE, LLC dba PAT & OSCARS RESTAURANTS' ANSWER TO MATT STRONG'S COMPLAINT** |

Defendant, FFPE, LLC dba PAT & OSCARS ("Defendant"), hereby answers Complaint by Plaintiff MATT STRONG ("Plaintiff") as follows:

1. Defendant denies the allegations in paragraphs 1 through 317 on information and belief.

2. Defendant denies all allegations in the Complaint that Defendant should be held liable to Plaintiff or that Plaintiff has sustained damages.

3. Defendant denies all allegations in the Complaint that Defendant has by its acts or omissions violated any federal or state law.

///

**1**

**ANSWER TO COMPLAINT**

4. Defendant denies the remaining allegations and prayer for relief in the Complaint on information and belief.

## AFFIRMATIVE DEFENSES

For a further answer to Plaintiff's Complaint, Defendant alleges the following affirmative defenses. In asserting these defenses, Defendant does not expressly or impliedly assume the burden of disproving any element of any claim for which Plaintiff bears the burden of proof as a matter of law. Defendant is informed and believes and thereon alleges that:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

1. The Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

2. Based on Defendant's information and belief, Plaintiff failed to exercise reasonable care and diligence to avoid loss and minimize damages, if any, and as a consequence Plaintiff may not recover for losses which could have been prevented by reasonable efforts on Plaintiff's part. Therefore, recovery by Plaintiff, if any, should be reduced by Plaintiff's failure to mitigate Plaintiff's own damages.

### THIRD AFFIRMATIVE DEFENSE

**(Defendant Has Not Violated the Unruh Civil Rights Act)**

3. Defendant alleges that there has been no violation of the Unruh Civil Rights Act, in that there has been no refusal by Defendant keeping Plaintiff from entering the premises owned, operated or controlled by Defendant and the structure of the premises allows Plaintiff to use the facilities.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to State Grounds for Punitive Damages)**

4. Plaintiff's Complaint does not state facts sufficient to constitute a claim for punitive damages.

///

///

**2**

ANSWER TO COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

**(Conspiracy Not Possible)**

5.    Defendant, acting alone or through their agents, cannot constitute a conspiracy.

**SIXTH AFFIRMATIVE DEFENSE**

**(The Premises Are In Compliance With All Applicable Laws)**

6.    With respect to the alleged inaccessible conditions mentioned in Plaintiff's Complaint, Defendant denies all allegations in the Complaint that Defendant has by their acts or omissions violated any federal or state law.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

7.    Defendant is informed and believes and thereon alleges that, as to each alleged cause of action, Plaintiff's remedies are barred by the equitable doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Equal Access)**

8.    Defendant has modified their policies, practices and procedures as required by the ADA to afford individuals with a disability full and equal access to the goods, services, facilities, privileges, advantages and accommodations offered by the premises at issue.

**NINTH AFFIRMATIVE DEFENSE**

**(Alternative Methods)**

9.    Defendant has alternative methods of complying with the ADA, thereby providing full and equal access for individuals with a disability to the goods, services, facilities, privileges, advantages and accommodations offered at the premises at issue.

**TENTH AFFIRMATIVE DEFENSE**

**(Defendant is in Compliance with California Civil Code Sections 51, 52 and 54.1)**

10.    With respect to the alleged inaccessible conditions mentioned in Plaintiff's Complaint, Defendant is in complete compliance with California Civil Code sections 51, 52 and 54.1.

///

///

## ELEVENTH AFFIRMATIVE DEFENSE
### (Civil Penalty)

11. The Complaint herein fails to allege facts sufficient to state a claim for the recovery of any civil penalty from Defendant, and the imposition of such a penalty would violate the constitutional rights of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations, Doctrine of Laches)

12. Defendant is informed and believes, and thereon alleges that, as to each alleged cause of action, Plaintiff's Complaint is barred by the statute of limitations and doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Alleged Actions Were Not Intentional)

13. The discriminatory actions alleged by Plaintiff were not intentional. As a result, Plaintiff is not entitled to the relief requested in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Unruh Act)

14. Any alleged failure by Defendant to alter, repair, or modify the premises in question does not give rise to a cause of action by Plaintiff under the Unruh Act, since the Unruh Act specifically exempts such conduct from the scope of the act.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Intervening Acts)

15. Defendant is informed and believes, and thereon alleges, that the injuries and damages of which Plaintiff complains, and for which Plaintiff seeks recovery, if any, were the result of causes independent of any purported acts or omissions on the part of Defendant, which causes operated as intervening and superseding causes, thereby cutting off any liability on the part of Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

16. Defendant is informed and believes, and thereon alleges, that to the extent that any damage sustained by Plaintiff, or any other person, was proximately caused by Plaintiff or any other party's failure

to mitigate damages by failing to exercise reasonable care in preventing such damage, Plaintiff is barred from recovering such damages against Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

17. As to each alleged cause of action, some or all of the claims for damages in the Complaint are barred in that Plaintiff has waived those claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Readily Achievable)

18. Some or all of the claims in the Complaint are barred because the removal of physical barriers, if any exist, is not readily achievable.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Structurally Impracticable)

19. Some or all of the claims in the Complaint are barred because the removal of physical barriers, if any exist, would be structurally impracticable.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Mootness)

20. Some or all of the claims in the Complaint are moot in that Defendant is and/or has been in compliance with the laws, statutes, and regulations governing treatment of individuals with physical limitations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

21. No act or omission of the Defendant was the cause of Plaintiff's damages, if any. In the alternative, Plaintiff's alleged damages, if any, were proximately caused by the negligence, fault and/or conduct of persons or entities other than Defendant. Plaintiff's damages, if any, must be reduced in proportion to the amount attributable to the conduct of persons or entities other than Defendant up to, and including, 100 percent.

///

///

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Not Entitled to Attorneys' Fees)**

22.     The Complaint, and each cause of action contained therein, fails to allege facts sufficient to entitle Plaintiff to recover attorneys' fees.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

23.     Defendant is informed and believes, and based thereon alleges, that Plaintiff is estopped from asserting the claims contained in the Complaint.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Notice)**

24.     Defendant alleges that Plaintiff failed to give timely notice, if any, of his claim and Defendant has been substantially prejudiced thereby.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Claims Premature)**

25.     Defendant alleges that the Complaint, and every claim asserted therein, is premature.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

26.     Defendant alleges that the Court has no subject matter jurisdiction over the claims alleged in the Complaint because, among other things, Defendant is informed and believes that Plaintiff is not within the class that the Americans With Disabilities Act was intended to protect from unlawful discrimination on the basis of disability and Plaintiff is not an aggrieved person under the Americans With Disabilities Act.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

27.     Defendant alleges that Plaintiff has no standing to assert the claims alleged in the Complaint because, among other things, Defendant is informed and believe that Plaintiff is not within the class that the American With Disabilities Act was intended to protect from unlawful discrimination on the basis of disability and Plaintiff is not an aggrieved person under the Americans With Disabilities Act

nor any other law similar to or authorizing suits under the Americans With Disabilities Acts.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Modification of Building Required)

28.  Defendant alleges that at all times mentioned in Plaintiff's Complaint, that admittance of Plaintiff to the subject premises would require construction, alteration, or structural modification of the subject building.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
#### (No Alterations Triggering Access Requirements)

29.  Defendant alleges that Defendant has not carried out any construction alterations to the subject property which would trigger access requirements under federal or state law.

### THIRTIETH AFFIRMATIVE DEFENSE
#### (Access Requirements Not Readily Available)

30.  Defendant alleges that the access requirements sought in Plaintiff's Complaint are not reasonably or readily achievable.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
#### (Lack of Corporate Authorization, Knowledge or Ratification)

31.  Defendant alleges that Plaintiff is not entitled to recover punitive damages against Defendant because Defendant did not authorize, have advance knowledge of, or ratify in any way the acts and/or omissions alleged in the Complaint.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
#### (Undue Hardship)

32.  Defendant is informed and believes and thereon alleges that, as to each alleged cause of action, Plaintiff's Complaint is barred as the requested relief would constitute an undue hardship on Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
#### (Defendant is in Compliance with Business and Professions Code Sections 17200, et seq.)

33.  With respect to the alleged inaccessible conditions mentioned in Plaintiff's Complaint, the premises are in complete compliance with Business and Professions Code sections 17200, et seq.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Plaintiff Has Failed to Exhaust Administrative Remedies)**

34. Plaintiff has failed to exhaust the administrative remedies available to him under 42 U.S.C. 12188, 42 U.S.C. section 2000a-3(c), and California Civil Code section 55.1 and thus is not entitled to any relief.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(Third-Party/Landlord Liability)**

35. Answering Defendant, pursuant to the lease do not have responsibility for the exterior of the premises.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Reservation of Additional Affirmative Defenses)**

36. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unknown affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint on file herein;
2. That judgment be entered against Plaintiff in favor of Defendant;
3. For attorneys' fees and costs incurred herein; and
4. For such other relief as this Court deems just and proper.

DATED: February _____, 2008

SCHWARTZ SEMERDJIAN HAILE
BALLARD & CAULEY LLP

*/Jeffrey M. Temple/*

By: _____
Dick A. Semerdjian
Jeffrey M. Temple
Attorneys for Defendant
FFPE, LLC dba PAT & OSCARS